IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ANDRA L. DUNCAN                                          PLAINTIFF

v.                        CIVIL NO. 23-5103

MARTIN J. O'MALLEY,[1] Commissioner
Social Security Administration                        DEFENDANT

**MEMORANDUM OPINION**

       Plaintiff, Andra L. Duncan, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

       Plaintiff protectively filed her current application for DIB on December 17, 2020, alleging an inability to work since September 1, 2019, due to fibromyalgia, peripheral neuropathy, chronic migraines, diabetes, depression, and anxiety. (Tr. 63, 169). An administrative telephonic hearing was held on October 6, 2022, at which Plaintiff appeared with counsel and testified. (Tr. 30-59).

       By written decision dated October 28, 2022, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 16).

---

[1] Martin J. O'Malley, has been appointed to serve as Commissioner of Social Security Administration, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

Specifically, the ALJ found Plaintiff had the following severe impairments: migraine headaches, diabetes mellitus type II with peripheral neuropathy, fibromyalgia, an anxiety disorder, and a depressive disorder. However, after reviewing all the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 17). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform light work as defined in 20 CFR404.1567(b) except she is limited to jobs with simple tasks and no detailed or complex instructions; interpersonal contact is only incidental to the work performed; and supervision is simple, direct, and concrete.

(Tr. 19). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a maid/housekeeper, a collator operator, and a stock clerk. (Tr. 24).

Plaintiff then requested a review of the hearing decision by the Appeals Council, who denied that request on April 27, 2023. (Tr. 1-6). Subsequently, Plaintiff filed this action. (ECF No. 2). This case is before the undersigned pursuant to the consent of the parties. (ECF No. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 15, 17).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words,

if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff argues the following issues on appeal: 1) The ALJ's decision lacks comprehensive analysis of Plaintiff's subjective complaints; 2) The ALJ should have given more deference to Plaintiff's medical records; 3) The ALJ should have established a more accurate RFC for Plaintiff; and 4) The ALJ did not prove there are substantial jobs that Plaintiff can perform. (ECF No. 15). Defendant argues the ALJ properly considered all the evidence, and that the decision is supported by substantial evidence. (ECF No. 17).

The Court has reviewed the entire transcript and the parties' briefs and finds that substantial evidence of record supports the ALJ's determination. In determining that Plaintiff maintained the RFC to perform light of light work with limitations, the ALJ considered the medical assessments of the examining and non-examining agency medical consultants, Plaintiff's medical records, and her subjective complaints. While Plaintiff disagrees with the ALJ's RFC determination, after reviewing the record, the Court finds Plaintiff failed to meet her burden of showing a more restrictive RFC for the time period in question. *See Perks v. Astrue*, 687 F. 3d 1086, 1092 (8th Cir. 2012) (burden of persuasion to demonstrate RFC and prove disability remains on claimant).

With respect to the ALJ's Step Five determination, the Court finds that the vocational expert's opinion constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude her from performing work as a maid/housekeeper, a collator operator, and a stock clerk during the time period in question. *Goff v. Barnhart,* 421 F.3d 785, 794 (8th Cir. 2005) (testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

For the reasons stated in the ALJ's well-reasoned opinion, the Court finds Plaintiff's arguments to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed, and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), *aff'd*, 364 Fed. Appx. 307 (8th Cir. 2010).

DATED this 30th day of April 2024.

/s/ *Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE